CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 19 2017

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 7:12-cr-00042-1 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| CYNTHIA LITTLE, | ) | By: Hon. Michael F. Urbanski |
|     Petitioner. | ) | Chief United States District Judge |

Cynthia Little, a federal inmate proceeding pro se, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The court sentenced Petitioner to, inter alia, 168 months' incarceration for money laundering, in violation of 18 U.S.C. § 1956, and conspiring to distribute more than 1,000 kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846. Petitioner presently challenges the order entered at the conclusion of the criminal case compelling her to forfeit $100,000 worth of proceeds from the offenses. This matter is before the court for preliminary review pursuant to Rule 4 of the Rules Governing § 2255 Proceedings. After reviewing the record, the court dismisses the § 2255 motion as meritless.

A federal court may consider a § 2255 motion that challenges custody pursuant to a federal criminal conviction, not a collateral attack on a civil administrative forfeiture in an effort to secure the release of forfeited property or its cash equivalent. See Kaminski v. United States, 339 F.3d 84, 87 (2d Cir. 2003) ("[W]e agree with the other circuits that have held that § 2255 may not be used to bring collateral challenges addressed solely to noncustodial punishments. . . ."); see, e.g., Rodriguez v. United States, No. 95-2322, 1997 WL 770636, *1 (1st Cir. Dec. 12, 1997); United States v. Banguera, No. 93-2710, 1995 WL 449891, *1 (5th Cir. June 30, 1995); Soldier v. United States, No. 3:09cv01, 2009 WL 455830, *2 (D.N.D. Feb. 23, 2009); Murphy v. United States, No. 07C3804, 2009 WL 424490, *6 (N.D. Ill. Feb. 17, 2009); United States v. Miller, No. 5:02-cv-1234, 2003 WL 24057592, *4 (N.D.N.Y. Aug. 18, 2003).

To the extent Petitioner has an avenue for relief, she may file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 with the district court having jurisdiction over her custodian.[1]  See United States v. Hudgins, 201 F. App'x 142, 143 (4th Cir. 2006) (holding that, because a § 2255 motion may not be used for the sole purpose of challenging fines or restitution orders, the district court should have treated movant's claim as a habeas corpus petition under 28 U.S.C. § 2241). Accordingly, the court dismisses the § 2255 motion as meritless.[2] Based upon the court's finding that Petitioner has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c) and Slack v. McDaniel, 529 U.S. 473, 484 (2000), a certificate of appealability is denied.

ENTER: This 18th day of September, 2017.

/s/ Michael F. Urbanski
Chief United States District Judge

---

[1] Petitioner is not housed within the Western District of Virginia.
[2] The court declines to transfer the § 2255 motion as a construed § 2241 motion to allow Petitioner to tailor her arguments in accordance with § 2241 instead of § 2255.